Battle, J.
 

 The cases to which the counsel for the plaintiff has referred, show very clearly that the presiding Judge erred in not deciding the question of negligence himself, instead of submitting it to the jury. It is a question of law, and not of fact. Thus in the case of
 
 Herring
 
 v.
 
 Wilmington & Raleigh Rail-Road Co.,
 
 10 Ire. Rep. 402, it is distinctly declared by
 
 *48
 
 ^tlie Court that, “ what amounts to negligence, is a question of law.” So, in
 
 Biles
 
 v. Holmes, 11 Ire. Rep. 16, it is said, “ what amounts to
 
 ordinary eare
 
 is a question for the Court. The Judge below erred in leaving it to the jury.” Again, in
 
 Heathcock
 
 v.
 
 Pennington,
 
 Ibid 640, Ruffin, C. J., in delivering the opinion of the Court says, “ It was, however, erroneous to leave the question of due care to the jury, since it is the province and duty of the Court to advise them on that point, supposing them to be satisfied of certain facts.” In
 
 Avera
 
 v.
 
 Sexton,
 
 13 Ire. Rep. 247, the Court found it necessary to repeat, that “ what amounts
 
 'to
 
 negligence is a question of law.” Again, in
 
 Hathaway
 
 v.
 
 Hinton, 1
 
 Jones’ Rep. 243, the counsel for the defendant admitted that the Judge had erred in submitting the question of negligence to the jury, but contended that the error was corrected by the proper finding of the j tiry, whereupon the Court said, “ there can be no doubt the Judge ought to have decided the question himself, as has often been decided by this Court.”
 
 After these
 
 repeated decisions, so recently made, we may well adojff
 
 the
 
 language of the Court in
 
 Beale
 
 v.
 
 Roberson,
 
 7 Ire. Rep. 280, upon an analagous subject, “It would seem, then, that making a question on this subject, must be regarded as an attempt to move fixed things, and cannot be successful.”
 

 But though his Honor erred in submitting the question of negligence to the jury, it is well settled by the cases to which the defendant’s counsel has referred us, that if the error be corrected by the finding of the jury, no advantage can be taken of it by the plaintiff. See
 
 Smith
 
 v.
 
 Shepperd,
 
 1 Dev. Rep. 461, and
 
 Biles
 
 v.
 
 Holmes, Heathcock
 
 v.
 
 Pennington,
 
 and
 
 Hathaway
 
 v.
 
 Hinton,
 
 cited above. The question then remains, was the defendant guilty of such negligence in keeping the runaway, jilaced in his custody, as to make him liable as a bailee at common law ? The bailment was one, from which both parties were to derive benefit, and therefore, the position of the plaintiff’s counsel, that the defendant was bound to use ordinary care, and was responsible for ordinary negligence, is well founded. We approve too, of his -definí
 
 *49
 
 tion of ordinary care, taken, we believe, from the case of
 
 Heathcock
 
 v. Pennington; “ ordinary care is that degree of care, which, under the same circumstances, a person of ordi- . nary prudence would take of the particular thing, were it his own; and the case will be varied according to the nature of the thing bailed, the purpose for which it was bailed, and the particular circumstances under which it was bailed.” Let us apply this rule to the case now before us. Considering that the slave was delivered to the defendant as a runaway, and received by him as such, though not under such circumstances as to make him officially responsible under the Statute, (see S. C. 2 Jones’ Rep. 302) he was bound to use means, and exercise care, sufficient under ordinary circumstances, to prevent an escape. Did he do so, is the question now to be decided; and from the testimony, we are led to the conclur sion, that he did use
 
 every
 
 precaution for the safe keeping of the slave, which could reasonably be required - of him. ILe placed the slave in the dungeon, from which no prisoner had ever been known to escape, though persons had broken out from the other rooms of the jail. He could have done nothing more, unless he had placed a guard around the jail, or had put the slave in irons. The first course would have been too expensive, and the second cruel, and we do not think he was bound to adopt either. A man of ordinary prudence would have deemed the means which he did adopt, sufficient for the purpose, and that is, as we have seen, the measure of his liability. See
 
 Boyce v.
 
 Anderson, 2 Peters’ Rep. 150;
 
 Turrentine
 
 v. Faucett, 11 Ire. Rep. 652.
 

 The proper finding of the jury, on the question of negligence, having corrected the error of the Court, in submitting it to them, the judgment must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.